Mr. Armando Torres v. Holder, 13-3591. Ms. Bennett? Yes. You may proceed. Good morning, Your Honors. May it please the Court, My name is Jennifer Bennett, and I represent Mr. Armando Vargas Torres. Mr. Torres is a 32-year-old male native and citizen of Mexico who is the father of two United States citizen children, a 5-year-old and a 3-year-old. Your Honors, he's a hardworking man. He's an auto mechanic, and he's been in the United States since the year 2000. He appeared in immigration court for master calendar hearings on February the 29th of 2012 and May the 2nd of 2012, and then for an individual hearing on August 22nd of 2012, at which time he was ordered removed. The key issue in this case is that he received ineffective assistance of counsel. He was eligible for relief in the form of cancellation of removal for a non-lawful permanent resident. Mr. Vargas Torres met the requirements. And was that evidence ever submitted that he had been there in the U.S. for 10 years? Your Honor, the evidence was not submitted, and the reason why it was not submitted is because he was never given an opportunity to submit that. His counsel was instructed at the master calendar hearing on February the 29th to return to the second master calendar on May the 2nd with an application prepared. And, in fact, on the record, his counsel had told the immigration judge that he believed he did qualify for cancellation. I know there was discussion in the transcript or discussion on the record about the date of his arrival, and at one point he thought he may have arrived in 2001. The notice to appear in proceedings was issued in 2011, so there was question about whether he met the 10-year requirement. However, his counsel backtracked and then did explain to the judge that he had discussed this with his client, and they did have proof. His counsel returned to the individual hearing without even a basic skeletal application. And as you're aware, in immigration proceedings, although sometimes it is difficult for us to obtain documentation from our clients, since they are here undocumented in the country, it is basic routine procedure to at least provide a basic skeletal application, and that was not done by counsel in this case, depriving our client of the right to pursue said relief. And, right, when he got new counsel before the BIA, there was nothing submitted to the BIA indicating that he was there for 10 years. We haven't, Your Honors, had an opportunity to present that. We have, in fact, worked with our client to ascertain his exact whereabouts in California. We do have photographs of his actual home where he resided in California in 2000. We know his employer, he's made attempts to contact coworkers, and the employer is now out of business. It's an auto mechanic shop that was located in Bakersfield, California. So evidence does exist, but our client was deprived of the right to actually present that evidence at any point in time because he wasn't afforded an individual hearing. Well, the problem is, though, Losada, you haven't met two of those requirements, that is, providing Berrigan with notice and an opportunity to respond, and there was no complaint filed before the disciplinary board. Sure, Your Honor. We understand that. In the case Marinov versus the Attorney General, this court addressed that, and we understand that the court took the position that strict adherence to the Losada requirements is necessary. Yeah, unlike the Ninth Circuit. I'm sorry, excuse me. Unlike the Ninth Circuit. Yes, correct, unlike the Ninth Circuit. However, in Marinov, there was explanation about the policy, the reasoning behind that, and the intent is to provide counsel who's being charged with ineffective counsel with notice of their error. In Marinov, the actual respondent himself, or the petitioner before your court, stated that he did, in fact, receive notice of his court hearing, so there was no error. So, therefore, he really needed to let his counsel know that he was providing, that he was arguing that the counsel was ineffective. In our case, it's very different. The counsel himself showed up in court and was given a warning to provide an application, not a skeletal, excuse me, an actual application. He failed to even provide a skeletal application. It's really an exception to the Marinov case, and I know Marinov cited other cases in which if the error is so clear on the face, then it's not necessary to take all of the steps that are outlined in Losada. And in this case, it's so clear. The whole purpose of Losada is to provide notice, and the attorney should be very well aware of the error. He showed up without an application. I'm not sure how much more notice my client would have needed to have given his prior counsel. And you're right. Sometimes you can get around that requirement, but one of the things that has to happen is some evidence that he was continuously present in the U.S. for 10 years, and you're telling me that even today you can't provide that. We could provide that, Your Honor, if we were given an opportunity to do that. Well, you said that you had a photo of where he resided, but there are no employment records in terms of corroboration. He's been in touch with employee coworkers and potentially the employer, the actual person that owned the shop, and they are prepared and willing to write affidavits for him. Yes, so we could provide that. So we feel, again, that it's clear on the face. It's different than a situation in which Mironov presented, and that it's not creating a situation in which he's throwing his prior lawyer under the bus without notice. His lawyer was given the notice, the direct instruction, by the immigration judge on May 2, 2012, or excuse me, on February 29, 2012, to return on May 2, 2012 with an application prepared for relief, and he showed up not only without an application, without even a skeletal application, but without any evidence, which severely prejudiced our client. He was not able to then be afforded his right to a full and fair hearing and present his case on the merits. Like I said, he's been here since the year 2000. He's a hardworking man. He has lots of positive equities. He doesn't have a severe criminal history. He was picked up simply for driving without a license, and he's only driven to and from work. He didn't have any other criminal history before he was brought to the attention of DHS. And Mironov, and again, Lozada, just to emphasize, the purpose of Lozada is to let the attorney know that a claim is being made against them. In this particular case, counsel should have been fully aware, and so therefore there was really not a need to provide such notice. Not only was there not necessarily a time to do so, nor did the client know to do so, there was no need to do so because the attorney was on notice, and the judge questioned on the transcript whether an application was ready or not on that date, and the counsel stated that no, an application is not ready. All right. Do you want to save your remaining time for one more? Yes, please. All right. Thank you, Your Honors. Thank you. Ms. Morinelli? Good morning. May it please the Court. Lisa Morinelli on behalf of the Attorney General. The Court should deny this petition for review because the agency did not abuse its discretion in denying Petitioner's request for a continuance in immigration court or his motion to remand to the immigration court to apply for cancellation of removal. Here, the immigration judge granted Petitioner two continuances and specifically instructed him to bring his cancellation application to his third hearing. When Petitioner appeared without an application or any evidence, the judge reasonably found that he did not demonstrate good cause for a further continuance. On appeal to the Board of Immigration Appeals, the Board properly denied Petitioner's motion to remand based on an allegation of ineffective assistance of counsel for two reasons. First, Petitioner failed to comply with two of the three procedural requirements set forth in Matter of Lizada. Petitioner did not provide his prior counsel with notice of his claim or an opportunity to respond or demonstrate that he filed a complaint with any disciplinary authority. Second, Petitioner failed to establish that he was prejudiced by the alleged ineffective assistance of his former counsel. While Petitioner argued that he lost out on cancellation because his former attorney did not submit an application, Petitioner did not submit any evidence to support his claim that he was eligible for remand. And he would have had that opportunity to submit before the BIA, correct? That's correct, and that's what the Board was looking at. Not only did he comply with the Lizada requirements, but did he submit any evidence attached to his appeal to the Board, and the Board found no evidence attached to his motion. Thank you. If there are no further questions, the government would respectfully request that the petition for review be denied. All right. Thank you, Counsel. How much time does she have? Two minutes. Your Honors, I would just like to point out that Mr. Vargas-Torres, it was alleged that he failed to prove that he was prejudiced. Again, we just remind the Court that it's clear on the face of the case that he was prejudiced by not being able to pursue relief to stay in the United States. We would also just like to mention that in his argument to the Board of Immigration Appeals, he was confined to what was on the record already, which also brings me to the point that... So he would not have been permitted to submit this evidence, as Counsel suggested he could have? Correct. That is my understanding, Your Honor. And he actually asked for a continuance before the judge in order to be able to gather such evidence and return, and he was denied a continuance. And we also believe that the judge and the Board of Immigration Appeals in upholding that decision erred in denying his request for a continuance in order to allow him time to obtain such evidence. And I see that my time is up. Well, you've got one more minute. Okay. And so we believe that they erred. He asked for a continuance, and he had good cause. He had very specific facts of where he lived, and when he arrived, and he needed time in order to be able to save money to travel there to obtain the required evidence. And that's all, Your Honors. Thank you. All right. We'll take it under advisement. Thank you.